IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GUY ROSENSCHEIN                                                                                          PETITIONER

V.                                            Case No. 5:25-cv-05002-TLB

TIM GRIFFIN, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF ARKANSAS and THE WARDEN OF
FCI-TEXARKANA                                                                                         RESPONDENTS

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court on the Amended § 2254 Petition for Writ of Habeas Corpus filed by Guy Rosenschein ("Petitioner") on June 3, 2025. (ECF Nos. 1 & 10). Petitioner seeks to vacate his December 20, 2024, state court convictions on two (2) counts of first degree sexual assault in case 72 CR19-351-6 in Washington County Circuit Court, alleging, *inter alia*, (1) violations of his right to a speedy trial, and (2) because the state court information was filed after expiration of the applicable statute of limitations. (ECF No. 10). The State of Arkansas responds that Petitioner's habeas claims must be dismissed as procedurally defaulted and if not defaulted, as lacking merit. (ECF No. 15).

Chief U.S. District Court Judge Timothy L. Brooks referred this matter to the undersigned for Report and Recommendation pursuant to Rule 72.1(VIII)(B) of the Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas.

### I.  Petition for Habeas Corpus

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, federal courts may

1

exercise only a "limited and deferential review of underlying state court decisions." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005).

### A. In Custody Requirement

For a federal court to possess jurisdiction over a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). In *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490–91.

Petitioner is not currently in the physical custody of the State of Arkansas; rather, he is in federal custody, serving a sentence which includes 210 months' incarceration as imposed by the U.S. District Court for the District of New Mexico in *United States v. Rosenschein,* No.1:16-CR-4571 (ECF No. 362, Judgment, February 2, 2023). Charges against Petitioner in New Mexico related to his 2016 uploading of "images of child pornography to Chatstep, an internet chatroom service," *United States v. Rosenschein*, 136 F.4th 1247, 1252 (10th Cir. 2025), and Petitioner pled guilty to eight (8) counts of distribution of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1), § 2252A(b)(1) and 18 U.S.C. § 2256. Petitioner appealed the District Court's denial of Petitioner's motion to suppress, motion to dismiss, and motion for expert reports. *United States v. Rosenschein,* No.1:16-CR-4571 (ECF No. 363, Notice of Appeal, February 14, 2023). The Tenth Circuit Court of Appeals affirmed Petitioner's Judgment on May 12, 2025, *United States v. Rosenschein,* 136 F.4th 1247, 1252 (10th Cir. 2025), and nothing further has been filed of record.

The Federal Bureau of Prisons predicts Petitioner's release from federal custody will not occur before October 14, 2031. https://www.bop.gov/inmateloc/ (February 4, 2026). Petitioner's state court Judgment provides that his state court "sentence is concurrent with his federal sentence. . . ." (ECF No. 15-2, p. 18). Although not yet in the physical custody of the State of Arkansas, the undersigned believes Rosenschein meets the "in custody" requirement because any unexpired Arkansas sentence is ensured by a detainer directing him to be transferred to custody of the State of Arkansas when his federal sentence expires. This is sufficient to meet the "in custody" requirement. *See Maleng*, at 490-91 (physical confinement on other charges can establish custody pursuant to § 2254).

### B. Standard of Review

A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied clearly established federal law erroneously or incorrectly. *Id.* at 411. "Rather, that application must also be unreasonable." *Id*. "Federal habeas corpus is a backstop. It lets federal courts review the merits of federal claims in state criminal cases. But federal courts do not sit to review state law. So federal courts will not review federal claims when the state court's decisions are supported by a state-law reason, an 'independent and adequate state ground.'" *Richardson v. Superintendent Coal Township SCI,* 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

To obtain federal habeas review of a § 2254 claim, a petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009). In other words, the exhaustion requirement prevents a federal court from considering a § 2254 habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state court relief. *Humphrey v. Cady,* 405 U.S. 504, 516 (1972). In order to preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Procedural default thus occurs when "a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly *exhausted* those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan,* 526 U.S. at 848.

## II. Analysis

### A. Ground One – Speedy Trial

The state court record makes clear that an Information was filed against Petitioner on February 1, 2019, in the Washington County, Arkansas Circuit Court, and an arrest warrant was issued the same day in Criminal Case No. 72CR19-351-6. https://caseinfo.arcourts.gov/opad/case/72CR-19-351 (February 8, 2026); (ECF No. 15-2). There is then a five (5) year gap in the state case – the next entries do not appear until July 2, 2024, when Petitioner files three (3) exhibits, complaining about his right to a speedy trial, as well as a Motion to Dismiss in which Petitioner claims, *inter alia,* that he is in federal custody

and had been unaware of the pending Arkansas charges. *Id.* While not entirely clear, Petitioner says he filed these pleadings during the time he was challenging Arkansas' extradition process which had not commenced until after he was sentenced in U.S. District Court in New Mexico. These filings preceded his arrest in Arkansas. Petitioner describes that "he was taken to Fayetteville in mid-July" 2024. (ECF No. 10-3, p. 2).

The next state court docket entry follows on July 19, 2024, illustrating that Petitioner was served with the 2019 arrest warrant on July 17, 2024. https://caseinfo.arcourts.gov/opad/case/72CR-19-351 (February 8, 2026); (ECF No. 15-2, p. 6). On July 22, 2024, Petitioner was arraigned on two counts of rape of a minor child and one count of sexual assault in the first degree and appointed counsel; his previously filed Motion to Dismiss was denied and his case was scheduled for a jury trial on August 12, 2024. (ECF No. 15-2, pp. 8-9).

On August 12th, the jury trial was continued to September 11th, with the Order noting that the time is "excluded without objection by the [Petitioner]." https://caseinfo.arcourts.gov/opad/case/72CR-19-351 (February 8, 2026); (ECF No. 15-2). On September 11th, the trial was continued by Order to October 9th, again noting the lack of any objection by Petitioner. *Id.* A 3rd trial continuance order is entered on October 9th, resetting the case for trial on December 2, 2024, and again noting the lack of any objection by Petitioner. *Id.* The record also reflects that during this time, however, Petitioner alleged speedy trial violations via his Writ of Prohibition on October 22, 2024, which was denied by the Arkansas Supreme Court on December 12, 2024. *Id.* A 4th continuance is granted on December 2, 2024, with the same noted lack of objection; in this Order, the jury trial is rescheduled to begin on December 20, 2024. *Id.*

On December 20, 2024, Petitioner appeared before Circuit Judge Mark Lindsay and entered negotiated guilty pleas – the charges against him were reduced from rape to sexual assault in the first

5

degree. As reflected in Judge Lindsay's Plea Questionnaire, the Circuit Court found Petitioner understood the nature of the charges against him as well as the minimum and maximum sentences; that Petitioner knew he was waiving his right to appeal his guilty plea; that he was waiving his rights to a jury trial, to remain silent, and to object to any errors in the proceeding; that Petitioner was making a voluntary plea and had enough time to discuss his change of plea with his legal counsel; and that Petitioner understood the current recommendation of the state prosecutor: that Petitioner should receive a sentence of incarceration for 240 months on the charges. https://caseinfo.arcourts.gov/opad/case/72CR-19-351 (February 8, 2026); (ECF No. 15-2, pp 14-15).

Petitioner's answers to the Plea Questionnaire support Judge Lindsay's finding that Petitioner's plea was voluntary and intelligent; a state court's findings are entitled to a presumption of correctness and should not be attacked in a federal habeas case. *Pittman v. Black,* 764 F.2d 545, 546 (8th Cir.), *cert denied,* 474 U.S. 982 (1985). This court's role is merely to determine if the state court's findings have fair support in the record, *Amos v. Minnesota,* 849 F.2d 1070, 1072 (th Cir.), *cert. denied*, 488 U.S. 861 (1988), and with respect to Petitioner's guilty plea, the undersigned believes they do.

Cognizant that Petitioner asserted a speedy trial challenge via Writ of Prohibition to the Arkansas Supreme Court, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). The Arkansas Supreme Court rejected Petitioner's speedy trial claim, and the undersigned is not free to review it. *See Dotson v. Sharp,* 2015 WL 3454495 at *5 (E.D. Ark. May 29, 2015) ("Federal habeas corpus relief is not available to correct errors of state law.").

Moreover, after the Arkansas Supreme Court rejected his Writ of Prohibition, Petitioner pled guilty (ECF No. 15-2, pp. 16-18), and it is well-established that a defendant who enters a guilty plea

waives all non-jurisdictional defenses. *Hoes v. Gwin,* 2024 WL 5250581 (W.D. Arkansas, Dec. 5, 2024), citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (guilty pleas in the *Brady* trilogy were found to foreclose direct inquiry into the merits of claimed antecedent constitutional violations); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction"), *cert. denied,* 493 U.S. 869 (1989). As the Supreme Court explained in *Tollett,* 411 U.S. at 267, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of a guilty plea." Said another way, "[Respondent's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

The undersigned first finds that Petitioner's knowing and voluntary guilty plea forecloses any speedy trial argument in this § 2254 proceeding; Petitioner's guilty plea waived his right to a speedy trial. *Becker v. Nebraska*, 435 F.2d 157 (8th Cir.1970), *cert. denied,* 402 U.S. 981 (1971) ("A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects[,] ... [and] the right to a speedy trial is non-jurisdictional in nature."). Following Petitioner's plea, the Sentencing Order filed on December 23, 2024, reflects that Judge Lindsay imposed a sentence of 240 months on Count One, Sexual Assault in the First Degree in violation of Ark. Code Ann. § 5-14-124(a)(1)(D), and a sentence of 240 months on Count Two, Sexual Assault in the First Degree in violation of Ark. Code Ann. § 5-14-124(a)(1)(D), with these sentences to run concurrently with each other and with Petitioner's federal sentence. Petitioner did not appeal or seek other post-conviction relief.

Even had Petitioner not waived his speedy trial objections by pleading guilty, his contentions are not meritorious. Any actionable claim that Petitioner's Sixth Amendment speedy trial right was violated would be analyzed under the *Barker* balancing framework. *Barker v. Wingo,* 407 U.S. 514, 530-33 (1972); *United States v. Reyes*, 24 F.4th 1, 28 (1st Cir. 2022) ("the seminal Supreme Court case interpreting [the Sixth Amendment speedy trial right] [is] *Barker v. Wingo*, [which] supplies a quadripartite balancing test") (internal quotations omitted). Under the *Barker* framework, courts are asked to examine (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. Importantly, "[t]he first factor under *Barker*, the length of the delay, is a triggering mechanism. Absent a delay that is presumptively prejudicial, inquiry into the other factors is unnecessary." *Matthews v. Lockhart,* 726 F.2d 394, 396 (8th Cir. 1984). A delay approaching a year between the accusation and trial may meet the threshold for presumptively prejudicial delay requiring application of the remaining *Barker* factors. *United States v. Walker,* 840 F.3d 477, 485 (8th Cir. 2016); *see also Doggett v. United States,* 505 U.S. 647, 652 n. 1 (1992) (noting that lower courts generally found delay presumptively prejudicial when it approaches one year).

Here, although Petitioner's pleading is not robust, the undersigned presumes he is arguing the State of Arkansas failed to bring him to trial within twelve (12) months as required by Rule 28.1 of the Arkansas Rules of Criminal Procedure, *premised upon* the fact that criminal charges had been filed in *2019*. To be sure, the constitutional right to a speedy trial, as embodied in Rule 28.1 of the Arkansas Rules of Criminal Procedure, is available to an accused in all criminal prosecutions, and was the right of Petitioner. *See Dority v. State,* 329 Ark. 631, 633 (1997). The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The

Arkansas Supreme Court adopted Rule 28 for the purpose of enforcing defendants' constitutional right to a speedy trial. *Mackey v. State*, 279 Ark. 307, 311, 651 S.W.2d 82, 84 (1983).

The fatal flaw of Petitioner's argument, however, is that the "[t]he time for trial shall commence running from the date of **arrest** or **service of summons**." Rule 28.2(a) of the Arkansas Rules of Criminal Procedure (emphasis added); *see also Parker v. State,* 2023 Ark 41. The state court record clearly reflects that Petitioner was arrested on July 17, 2024, and his state criminal case was resolved by plea and sentencing on December 20, 2024 – a period of approximately five (5) months. Nothing in Petitioner's Motion suggests otherwise. The speedy trial clock did not commence when charges were filed in February 2019; it commenced upon Petitioner's July 2024 arrest. As there was no delay approaching a year, and no speedy trial violation under Arkansas' Rule 28, further analysis pursuant *Barker* is unnecessary. *See Matthews v. Lockhart, supra.*

For these reasons, it is recommended that Petitioner's Ground One – denial of the right to a speedy trial – be denied.

### B. Ground Two – Statute of Limitations

Petitioner's Ground Two contends that the Arkansas criminal charges were filed after expiration of the governing statute of limitations.

The State of Arkansas responds that Petitioner procedurally defaulted on this claim by not seeking post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. Alternatively, the State argues this claims lacks merit because in 2013 – before the statute of limitations for Petitioner's alleged sexual assaults of his two minor victims expired – the General Assembly amended the statute of limitations to provide that a prosecution for first-degree sexual assault "may be commenced at any time." Ark. Code Ann. § 5-1-109 (Repl. 2013).

The Court of Appeals for the Eighth Circuit has held that a failure by a state court to properly apply a state statute of limitation in a criminal matter does not afford a claimant relief under § 2254. *Loeblein v. Dormire,* 229 F.3d 724, 726 (8th Cir. 2000) (citations omitted) ( Loeblein has no federal claim here because a state court's failure properly to apply a state statute of limitations does not violate due process or, indeed, any other provision of the Constitution or a federal statute).

Even if bypassing the "potential procedural-bar morass," *Stephens v. Norris,* 83. F.3d 223, 224 (8th Cir. 1996), the undersigned finds Petitioner's statute of limitations argument fails on the merits. According to the undisputed victim information contained in the record (ECF No. 15-2, pp. 1-5), the State calculates the statute of limitations for the last alleged sexual assault of minor T.S. during 2006 expired on October 12, 2014 (*see* Ark. Code Ann. § 5-1-109(h)(Repl. 2006), and the statute of limitations for the last alleged sexual assault of minor J.M. during 2008 expired on May 7, 2015. *See* Ark. Code Ann. § 5-1-109(h) (Repl. 2006). Thereafter and prior to either of those expirations, the statute of limitations was amended by the Legislature. *See* Ark. Code Ann. § 5-1-109 (Repl. 2013). The amended statute of limitations – which encompasses many crimes, including sexual assault in the first degree pursuant to Ark. Code Ann. § 5-14-124 – provides that a prosecution may be commenced "at any time."

The Arkansas Supreme Court addressed amendment of the statute of limitations in the criminal case of *Reeves v. State*, 374 Ark. 415, 420 (2008):

> Arkansas case law also provides that no one has any vested right in a statute of limitations until the bar of the statute has become effective. *See Branch v. Carter*, 326 Ark. 748, 933 S.W.2d 806 (1996); *Morton v. Tullgren,* 263 Ark. 69, 563 S.W.2d 422 (1978); *Horn v. Horn*, 226 Ark. 27, 287 S.W.2d 586 (1956). The General Assembly may also validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action which has not been barred at the time the new statute becomes effective. *Morton v. Tullgren, supra.* However, the General Assembly only has the power to amend statutes of limitation affecting causes of action which are not yet barred. *See Branch v. Carter, supra* (emphasis added). Therefore, when the action is already time-barred at the time the new statute becomes effective, the General Assembly may not

> revive a cause of action previously barred by the existing statute of limitations. *See Durham v. Ark. Dep't of Human Servs.*, 322 Ark. 789, 912 S.W.2d 412 (1995). This precept is applicable to criminal cases. *See Dye v. State,* 82 Ark. App. 189, 119 S.W.3d 513 (2003). In such cases, the statute of limitations is jurisdictional and goes to the court's power to try the case. *Patrick v. State*, 265 Ark. 334, 576 S.W.2d 191 (1979); *McIlwain v. State,* 226 Ark. 818, 294 S.W.2d 350 (1956).

*Reeves* has been reaffirmed as recently as January 18, 2024, by the Arkansas Supreme Court in *Kimball v. State,* 2024 Ark. 3. Citing *Reeves*, the Court wrote that "the General Assembly may validly enlarge the period of limitations and make the new statute apply to a cause of action that has not been barred at the time the new statute becomes effective." *Id.*

The undersigned finds no factual or legal basis for Petitioner's argument that the statute of limitations for sexual assault in the first degree had expired when his Arkansas criminal case commenced in 2024. In fact, it had not. Thus, to the extent that Petitioner's Ground Two is not procedurally barred, the undersigned finds it entirely lacks merit and must be dismissed.

### C.  Conclusion

For these reasons, the undersigned recommends that Petitioner's Amended § 2254 Petition for Writ of Habeas Corpus (ECF Nos. 1 & 10) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

11

**IT IS SO ORDERED** this 9th day of February 2026.

_____Christy Comstock_____
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE